### Johnson *v.* Geisriter.

Bankrupt—*Assignment.*—No assignment of property by a bankrupt after the filing of his petition is valid.

*Appeal from Jefferson Circuit Court.*

Hon. H. B. Morse, Circuit Judge.

*B. S. Johnson,* for appellant.

*Bell & Carlton,* for appellees.

McClure, J.

On the third of September, 1867, Geisriter executed and delivered his note to W. W. Johnson, for $600, payable one year after date. W. W. Johnson assigned said note to one Ben. S. Johnson, the plaintiff in this action, who brought suit on the same.

Geisriter answered, setting up that W. W. Johnson had filed his petition in bankruptcy; that, at the time of filing said petition, said Johnson was the owner of the note sued on; that said note was not included in Johnson's schedule of assets, and that he had no right or authority to assign the same; that said W. W. Johnson, long after the filing of said petition in bankruptcy, was the owner of said note; that the assignment to Ben. S. Johnson, the plaintiff, was and is null and void, and that said plaintiff acquired no legal title by reason of said assignment.

To this answer the plaintiff demurred on the ground that "the answer does not state facts sufficient to constitute a defense."

The court overruled the demurrer, the plaintiff rested, and judgment was for the defendant. The plaintiff appealed.

The question presented is whether a bankrupt can assign property that ought to have been scheduled, after having filed a petition.

The demurrer admits the filing of the petition of bankruptcy, by W. W. Johnson, the ownership by him of the note at the time of filing the petition, that it was not included in the schedule of assets of said Johnson, and that long after the filing of the petition in bankruptcy, Johnson was the owner of the note.

The appellant urges that a bankrupt's assets do not pass to the assignee until the assignee has been *appointed and qualified.*

The bankrupt act requires the petitioner to make a schedule of his assets and liabilities. It also declares that, upon the appointment of the assignee and his qualification, the judge, or, where there is no opposing interest, the register shall, by an instrument under his hand, assign and convey to the assignee all the interest, real and personal, of the bankrupt, and that such assignment shall *relate back to the commencement of said proceedings in bankruptcy;* and therefore, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee, * * * and shall dis-

solve any attachment made within four months next preceding the commencement of said proceedings. The 11th section of the act declares : " The filing of such petition shall be an act of bankruptcy, and such petitioner shall be adjudged a bankrupt."

The appellant urges that the answer does not disclose that the petitioner had been adjudged a bankrupt, or that an assignee had been appointed and qualified. The language of the 11th section is, that *"the filing of the petition shall be an act of bankruptcy, and such petitioner shall be adjudged a bankrupt."* We construe this language to mean that a petitioner shall be deemed a bankrupt from the day on which he files his petition.

The moment the petition is filed the bankrupt is civilly dead. During the interval existing between the filing of the petition and the appointment of the assignee, a condition of things exist not unlike that in the case of a person dying intestate, and before the appointment of an administrator. On the death of a person intestate, no one is authorized to dispose of or assign his assets. A bankrupt is *civiliter mortuus*, from the day on which he files his petition, and during the interval, between the filing of the petition and the appointment of the assignee, no assignment of his assets can be made. A judgment rendered against a bankrupt, after the filing of the petition, and before the appointment of an assignee, is as much a nullity as a judgment rendered against a deceased person, who has no legal representative. If no valid judgment can be rendered against a bankrupt at such a time, it is not at all probable that the law gives him the power to make a valid assignment of assets that should, and which the appellant admits, ought to have been placed in the schedule.

The judgment of the Jefferson county court is affirmed with costs.